IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| LARRY JIMMY GRIFFIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 116-209 |
| | ) | |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security Administration, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Larry Jimmy Griffin appeals the decision of the Acting Commissioner of Social Security denying his application for Disability Insurance Benefits ("DIB") and Social Security Insurance ("SSI") under the Social Security Act. Upon consideration of the briefs submitted by both parties, the record evidence, and the relevant statutory and case law, the Court **REPORTS** and **RECOMMENDS** the Commissioner's final decision be **AFFIRMED**, this civil action be **CLOSED**, and a final judgment be **ENTERED** in favor of the Commissioner.

**I.  BACKGROUND**

Plaintiff applied for DIB and SSI on April 8, 2013, alleging a disability onset date of March 31, 2011. Tr. ("R."), pp. 193-210. Plaintiff later amended his alleged onset date to August 30, 2012. R. 226. Plaintiff was fifty-four years old on his amended alleged disability onset date and was fifty-eight years old at the time the Administrative Law Judge ("ALJ") issued the decision under consideration. R. 49, 227. Plaintiff initially applied for benefits based on

allegations of the following conditions: chronic respiratory illness, high blood pressure, asthma, and pneumonia. R. 231. Plaintiff completed a GED, and prior to his alleged disability, Plaintiff had accrued a relevant work history as a parking attendant. R. 83, 232.

The Social Security Administration denied Plaintiff's applications. R. 104-11. Plaintiff requested a hearing before an ALJ, R. 112-116, and the ALJ held a hearing on February 2, 2016. R. 64-87. At the hearing, the ALJ heard testimony from Plaintiff, who was represented by counsel, as well as from Robert Browden, Sr., a Vocational Expert. Id. On March 8, 2016, the ALJ issued an unfavorable decision. R. 39-49.

Applying the sequential process required by 20 C.F.R. §§ 404.1520 and 416.920, the ALJ found:

1. The claimant has not engaged in substantial gainful activity since August 30, 2012, the amended alleged onset date (20 C.F.R. §§ 404.1571 *et seq.* and 416.971 *et seq.*).

2. The claimant has the following severe impairments: asthma, chronic bronchitis, history of nasal polyps with surgical removal, history of pulmonary nodules, status-post left pleural decortication and left lower lobe pulmonary wedge resection, and reduced hearing. (20 C.F.R. §§ 404.1520(c) and 416.920(c)).

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

4. The claimant has the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. §§ 404.1567(a) and 416.967(a);[1] that is further

---

[1]"Light work" is defined as:

lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If

2

> limited to occasional climbing of ramps and stairs; with no climbing of ladders, ropes, or scaffold; with avoidance of moderate exposure to fumes, odors, dusts, gases, and poor ventilation; and with avoidance of concentrated exposure to noise. The claimant is capable of performing past relevant work as a parking attendant. This work does not require the performance of work-related activities precluded by the claimant's RFC (20 C.F.R. §§ 404.1565 and 416.965).

R. 41-48.

Because the ALJ determined Plaintiff could perform his past relevant work, the sequential evaluation process stopped, and the ALJ concluded Plaintiff was not under a disability, as defined in the Social Security Act, from August 30, 2012, through the date of the decision, March 8, 2016. R. 48. When the Appeals Council ("AC") denied Plaintiff's request for review, R. 1-5, the Commissioner's decision became "final" for the purpose of judicial review. 42 U.S.C. § 405(g). Plaintiff then filed this civil action requesting reversal or remand of that adverse decision.

## II. STANDARD OF REVIEW

Judicial review of social security cases is narrow and limited to the following questions: (1) whether the Commissioner's findings are supported by substantial evidence, and (2) whether the Commissioner applied the correct legal standards. Lewis v. Callahan, 125 F.3d 1436, 1439 (11th Cir. 1997). When considering whether the Commissioner's decision is supported by substantial evidence, the reviewing court may not decide the facts anew, reweigh the evidence, or substitute its judgment for the Commissioner's. Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005); Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991). Notwithstanding

---

> someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.
>
> 20 C.F.R. §§ 404.1567(b) & 416.967(b).

this measure of deference, the Court remains obligated to scrutinize the whole record to determine whether substantial evidence supports each essential administrative finding. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983).

The Commissioner's factual findings should be affirmed if there is substantial evidence to support them. Barron v. Sullivan, 924 F.2d 227, 230 (11th Cir. 1991). Substantial evidence is "more than a scintilla, but less than a preponderance: '[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion.'" Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990) (quoting Bloodsworth, 703 F.2d at 1239). If the Court finds substantial evidence exists to support the Commissioner's factual findings, it must uphold the Commissioner even if the evidence preponderates in favor of the claimant. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004). Finally, the Commissioner's findings of fact must be grounded in the entire record; a decision that focuses on one aspect of the evidence and disregards other contrary evidence is not based upon substantial evidence. McCruter v. Bowen, 791 F.2d 1544, 1548 (11th Cir. 1986).

The deference accorded the Commissioner's findings of fact does not extend to her conclusions of law, which enjoy no presumption of validity. Brown v. Sullivan, 921 F.2d 1233, 1236 (11th Cir. 1991) (holding judicial review of Commissioner's legal conclusions are not subject to substantial evidence standard). If the Commissioner fails either to apply correct legal standards or to provide the reviewing court with the means to determine whether correct legal standards were in fact applied, the Court must reverse the decision. Wiggins v. Schweiker, 679 F.2d 1387, 1389 (11th Cir. 1982).

### III. DISCUSSION

Plaintiff argues the Commissioner's decision is not supported by substantial evidence

because the ALJ (1) failed to properly evaluate evidence that Plaintiff's severe impairment, namely his asthma, met or was medically equal to Listing 3.03B; (2) based his decision on medical records from 2009 through 2016, not just 2013 through 2016; (3) improperly characterized his hospital stays between 2013 and 2016 as insignificant; and (4) gave more weight to consultative physician Dr. John Fkiaras than his treating physicians. See doc. no. 14 ("Pl.'s Br."). Plaintiff further argues the AC erred in refusing to consider the listing form 3.03 he submitted with his appeal. See id. The Commissioner maintains the decision to deny Plaintiff benefits is supported by substantial evidence and should therefore be affirmed. See doc. no. 16 ("Comm'r's Br.").

As explained below, the ALJ considered evidence regarding Listing 3.03B and properly concluded Plaintiff's impairment did not meet or medically equal it. Moreover, the ALJ appropriately considered Plaintiff's medical records from 2009 through 2013 and properly considered his hospitalizations. In addition, the ALJ's decision to give more weight to consultative physician Dr. Fkiaras than Plaintiff's treating physicians was supported by substantial evidence. Finally, the AC did not err because it did not deny Plaintiff's request for review without considering his newly submitted evidence. Therefore, none of Plaintiff's arguments form a valid basis for reversal or remand.

### A. The ALJ Properly Evaluated the Evidence and Concluded Plaintiff's Severe Impairment Did Not Meet or Medically Equal Listing 3.03B.

Plaintiff argues the ALJ improperly evaluated the evidence in his determination Plaintiff failed to meet Listing 3.03B. Pl.'s Br. pp. 2-3. As discussed herein, the ALJ determination was supported by substantial evidence and Plaintiff's claim fails.

#### 1. Step Three Framework and Standard

If at step two of the evaluation process an ALJ finds a claimant has an impairment or

5

combination of impairments that is "severe," then at step three the ALJ must determine whether that impairment or combination of impairments meets or medically equals the severity of a listed impairment in 20 C.F.R. Part 404, Subpart B, Appendix 1. 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526. "To 'meet' a Listing, a claimant must have a diagnosis included in the Listings and must provide medical reports documenting that the conditions meet the specific criteria of the Listings and the duration requirement." Wilson v. Barnhart, 284 F.3d 1219, 1224 (11th Cir. 2002); see also 20 C.F.R. § 404.1525(a)-(d). Moreover, "to show that his impairment matches a listing, it must meet *all* of the specified medical criteria[;] [a]n impairment that manifests only some of those criteria, no matter how severely, does not qualify." Sullivan v. Zebley, 493 U.S. 521, 530 (1990) (emphasis in original).

An impairment "medically equals" a listing where "the medical findings are at least equal in severity and duration to the listed findings." 20 C.F.R. § 404.1526(a); see also Wilkinson o/b/o Wilkinson, 847 F.2d 660, 662 (11th Cir. 1987) ("In order to *equal* a listing, the medical findings must be at least equal in severity and duration to the listed findings.") (emphasis in original). Furthermore, "[a]ny medical findings in evidence [relating to medical equivalence] must be supported by medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. 404.1526(b). A claimant cannot equal a listing by "showing that the overall functional impact of his unlisted impairment or combination of impairments is as severe as that of a listed impairment." Zebley, 193 U.S. at 531.

The claimant bears the burden of producing medical evidence demonstrating his condition or conditions meet or equal a listed impairment. See Ellison v. Barnhart, 355 F.3d 1272, 1276 (11th Cir. 2003).

6

### 2. The ALJ Properly Concluded Plaintiff's Severe Impairment Did Not Meet or Medically Equal Listing 3.03B.

At step two of the sequential evaluation process, the ALJ found Plaintiff had the severe impairment of asthma. R. 41. However, at step three, the ALJ found "the claimant's conditions do not meet or medically equal Listing 3.03B because he has not had attacks (as defined in 3.00C), in spite of prescribed treatment and requiring physician intervention, occurring at least once every two months or at least six times a year." R. 46. Plaintiff argues the ALJ should have found his asthma met or equaled Listing 3.03B. Pl.'s Br. 2-3.

Listing 3.03B requires:

> Attacks (as defined in 3.00C), in spite of prescribed treatment and requiring physician intervention, occurring at least once every 2 months or at least six times a year. Each in-patient hospitalization for longer than 24 hours for control of asthma counts as two attacks, and an evaluation period of at least 12 consecutive months must be used to determine the frequency of attacks.

20 C.F.R. Pt. 404, Subpt. P, App. 1, § 3.03B (2016). Section 3.00C defines "attacks" as

> prolonged symptomatic episodes lasting one or more days and requiring intensive treatment, such as intravenous bronchodilator or antibiotic administration or prolonged inhalational bronchodilator therapy in a hospital, emergency room or equivalent setting. Hospital admissions are defined as inpatient hospitalizations for longer than 24 hours. The medical evidence must also include information documenting adherence to a prescribed regimen of treatment as well as a description of physical signs. For asthma, the medical evidence should include spirometric results obtained between attacks that document the presence of baseline airflow obstruction.

Id., § 3.00C.

Thus, to meet Listing 3.03B, a claimant must have an asthma attack "lasting one or more days and requiring intensive treatment" and "in spite of prescribed treatment . . . occurring at least once every 2 months or at least six times a year" or three such attacks requiring hospitalization for more than twenty-four hours. Id., §§ 3.00C, 3.03B. As the ALJ found, Plaintiff's medical record lacks evidence of such severe and frequent attacks.

7

Plaintiff points to Listing Form 3.03, which he submitted to the AC, to support his argument his impairments meet Listing 3.03B. Pl.'s Br. 3; R. 993. In the form, Plaintiff lists hospitalizations on March 25-28, 2016; January 9-13, 2016; December 23, 2015; September 28-29, 2015; July 7, 2015; and July 21, 2015. R. 993. While the form does indicate Plaintiff was hospitalized for more than twenty-four hours three times within twelve months as required by 3.03B, Plaintiff provides no evidence, nor does the form indicate, that the incidents occurred in spite of prescribed treatment or whether Plaintiff was adhering to his prescribed treatment. Id.

Indeed, the treatment notes for Plaintiff's hospitalizations show several were the result of failing to adhere to prescribed treatment. During his July 7, 2015 emergency room visit, Plaintiff reported running out of his dose inhaler. R. 886. After treatment, Plaintiff experienced increased airflow and decreased wheezing. R. 890. Treatment notes from his December 23, 2015 emergency room visit show Plaintiff ran out of his medication the day before the incident and had not taken any medication that day. R. 802. Moreover, Plaintiff reported "[h]e ha[d] not tried anything for the symptoms." (Id.) Plaintiff was discharged that same day after successful DuoNeb respiratory treatment. R. 806.

Thus, the medical records do not indicate the incidents occurred in spite of prescribed treatment or that he was adhering to his prescribed treatment. See, e.g., R. 806, 864-65, 886, 890, 993. Accordingly, Plaintiff cannot establish his attacks requiring hospitalization meet the requirements of Listing 3.03B and 3.00C.

In sum, the ALJ's determination that Plaintiff did not meet or medically equal Listing 3.03B is supported by substantial evidence.

8

### B. At Step Four, the ALJ Properly Determined Plaintiff's RFC.

#### 1. Legal Framework

At step four of the sequential process, the ALJ evaluates a claimant's RFC and ability to return to past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). RFC is defined in the regulations "as that which an individual is still able to do despite the limitations caused by his or her impairments." Phillips v. Barnhart, 357 F.3d 1232, 1238 (11th Cir. 2004) (citation omitted). Courts have described RFC as "a medical assessment of what the claimant can do in a work setting despite any mental, physical or environmental limitations caused by the claimant's impairments and related symptoms." Watkins v. Comm'r of Soc. Sec., 457 F. App'x 868, 870 n.5 (11th Cir. 2012).

Limitations are divided into three categories: (1) exertional limitations that impact the ability to perform the strength demands of a job, i.e., sitting, standing, walking, lifting, carrying, pushing or pulling; (2) non-exertional limitations that impact the ability to meet non-strength job demands, i.e., tolerating dust and fumes, appropriately responding to supervision, co-workers and work pressure, and difficulty performing manipulative or postural functions of jobs; and (3) a combination of exertional and non-exertional limitations. Baker v. Comm'r of Soc. Sec., 384 F. App'x 893, 894 (11th Cir. 2010) (citing 20 C.F.R. § 404.1569a(b)-(d)). When determining whether a claimant can return to his past relevant work, the ALJ must consider "all the relevant medical and other evidence." Phillips, 357 F.3d at 1238.

In categorizing the physical exertion requirements of jobs, the Commissioner classifies jobs as sedentary, light, medium, heavy, and very heavy. 20 C.F.R § 404.1567. Here, the ALJ determined Plaintiff has the ability to perform light work with additional restrictions. "Light work" is defined as work that involves

9

lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. §§ 404.1567(b) & 416.967(b).

In determining at step four in the sequential process whether Plaintiff's RFC for light work would allow him to perform past relevant work, the ALJ consulted the VE in accordance with 20 C.F.R. § 404.1560(b)(2), which provides as follows: "A vocational expert or specialist may offer relevant evidence within his or her expertise or knowledge concerning the physical and mental demands of a claimant's past relevant work, either as the claimant actually performed it or as generally performed in the national economy." The VE identified Plaintiff's past work as a parking attendant as light work with an SVP of 2. R. 83-84. The VE further opined a hypothetical individual with the Plaintiff's age, education, past job experience, and physical limitations could perform Plaintiff's past relevant work. R. 84-85.

### 2. The ALJ Properly Weighed the Medical Evidence.

Plaintiff contends the ALJ improperly considered the "irrelevant" time period of 2009 through 2012 in determining Plaintiff's disability. Pl.'s Br., p. 2. However, an ALJ must "'assess and make a finding about [the claimant's] residual functional capacity based on all the relevant medical and other evidence' in the case." Phillips, 357 F.3d at 1238 (quoting 20 C.F.R. § 404.1520(e)). Therefore, the ALJ properly considered all of Plaintiff's medical record, not just from 2013 through 2016, in evaluating Plaintiff's impairments and formulating Plaintiff's RFC.

Plaintiff also argues the ALJ improperly characterized his hospitalization during 2013-

2016 as insignificant. Pl.'s Br., p. 2. However, the ALJ properly considered Plaintiff's hospitalizations in evaluating the severity of his impairments and in assessing his RFC.

In his opinion, the ALJ discussed in detail Plaintiff's hospitalization history. The ALJ noted a January 2015 emergency room visit during which Plaintiff received treatment for chronic bronchitis with an acute exacerbation. R. 45, 920. The ALJ further discussed a July 2015 emergency room visit for complaints of shortness of breath, wheezing, and coughing. R. 45, 886. Treatment notes from that visit show only mild respiratory distress and a diagnosis of asthma exacerbation. R. 888. The ALJ also noted Plaintiff's extended hospitalization for three days in August 2015 for evaluation of his lung nodules, which revealed they were not malignant and after which Plaintiff was discharged in stable condition with temporary restrictions. R. 45, 550-676. The ALJ acknowledged Plaintiff again sought emergency room treatment in September 2015 and December 2015 for asthma exacerbation, chest pain, and bronchitis. R. 45, 802-05, 826. Finally, the ALJ discussed Plaintiff's January 2016 hospitalization for four days for complaints of cough, shortness of breath, and wheezing, but noted that treatment notes showed no respiratory distress and normal pulmonary effort. R. 45, 939-64.

In sum, the ALJ considered Plaintiff's hospitalizations, but did not find they supported greater limitations than those he incorporated into his RFC finding. R. 46. In essence, Plaintiff asks the Court to reweigh the evidence and substitute its judgment for the Commissioner's, something it may not do. Moore, 405 F.3d at 1211; Cornelius, 936 at 1145. Accordingly, the ALJ properly weighed Plaintiff's hospitalizations in considering his impairments and formulating his RFC.

### 3. The ALJ Properly Weighed the Medical Opinions.

Plaintiff contends the ALJ improperly gave greater weight to consultative examiner Dr.

11

John Fkiaras than his treating physicians. As discussed herein, the ALJ correctly weighed Plaintiff's consulting and treating physicians' medical opinions in making his RFC determination, and his evaluation of the medical opinions is supported by substantial evidence.

### a. Standard for Evaluating Medical Opinions

In the Eleventh Circuit, a treating physician's opinion must be given substantial weight. Hillsman v. Bowen, 804 F.2d 1179, 1181 (11th Cir. 1986). Refusal to give a treating physician's opinion substantial weight requires the Commissioner show good cause. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1159 (11th Cir. 2004); Schnorr v. Bowen, 816 F.2d 578, 581 (11th Cir. 1987). "The [Commissioner] must specify what weight is given to a treating physician's opinion and any reason for giving it no weight, and failure to do so is reversible error." MacGregor v. Bowen, 786 F.2d 1050, 1053 (11th Cir. 1986).

The Commissioner, however, is not obligated to agree with a medical opinion if the evidence tends toward a contrary conclusion. Sryock v. Heckler, 764 F.2d 834, 835 (11th Cir. 1985). Indeed, a treating physician's opinion may be properly discounted if it is unsupported by objective medical evidence, is merely conclusory, or is inconsistent with the physician's medical records. Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997); see also Crawford, 363 F.3d at 1159 (affirming ALJ's rejection of treating physician's opinion when such opinion conflicted with the doctor's treatment notes, was unsupported by the medical evidence, and was based primarily on claimant's subjective complaints); Phillips v. Barnhart, 357 F.3d 1232, 1241 (11th Cir. 2004) (affirming ALJ's rejection of treating physician's opinion when such opinion conflicted with the doctor's treatment notes and claimant's testimony regarding daily activities).

When considering how much weight to give a medical opinion, the ALJ must consider a number of factors:

> (1) whether the doctor has examined the claimant; (2) the length, nature and extent of a treating doctor's relationship with the claimant; (3) the medical evidence and explanation supporting the doctor's opinion; (4) how consistent the doctor's "opinion is with the record as a whole"; and (5) the doctor's specialization.

Forsyth v. Comm'r of Soc. Sec., 503 F. App'x 892, 893 (11th Cir. 2013) (citing 20 C.F.R. §§ 404.1527(c), 416.927(c)). Sources that can provide evidence to establish an impairment include licensed physicians, but not physician's assistants. See Farnsworth v. Soc. Sec. Admin., 636 F. App'x 776, 783-84 (11th Cir. 2016); 20 C.F.R. § 416.913(a)(1).

Additionally, the Commissioner's regulations require the opinions of examining physicians be given more weight than non-examining physicians, the opinions of treating physicians be given more weight than non-treating physicians, and the opinions of specialists (on issues within their areas of expertise) be given more weight than non-specialists. See 20 C.F.R. § 404.1527(c)(1)-(2), (5). However, SSR 96-6p provides that findings of fact made by state agency medical consultants regarding the nature and severity of an individual's impairments must be treated as expert opinion evidence of a non-examining source at the ALJ and AC levels of administrative review. SSR 96-6p, 1996 WL 374180, at *1 (July 2, 1996). Moreover, state agency medical consultants' opinions may be entitled to greater weight than the opinions of treating or examining sources if they are supported by evidence in the record. See id.; Jarett v. Comm'r of Soc. Sec., 422 F. App'x 869, 872-74 (11th Cir. 2011) (holding ALJ properly gave more weight to non-examining state consultants' opinions over treating physician's opinion); see also 20 C.F.R. § 404.1527(e)(2)(i), (iii).

Lastly, under SSR 96-5p, the determination of disability regarding a Social Security claim is reserved to the Commissioner, and treating and other medical source opinions on issues reserved to the Commissioner are never entitled to controlling weight or special significance.

SSR 96-5p, 1996 WL 374183, at *1, 2 (July 2, 1996); see also 20 C.F.R. § 404.1527(d).

### b. The ALJ Properly Attributed More Weight to Dr. Fkiaras Than Dr. Orgel.

Plaintiff claims the ALJ erred in attributing great weight to the opinion of Dr. John Fkiaras, a state agency examining consultant, over the testimony of his treating physicians. Dr. Fkiaras opined Plaintiff should avoid smoke, dust, and known respiratory irritants secondary to asthma as well as repetitive heavy lifting, carrying, pushing, and pulling secondary to asthma. R. 420. Dr. Fkiaras further opined Plaintiff is restricted from activities requiring great exertion secondary to asthma. (Id.)

Dr. Fkiaras based his opinions on a detailed evaluation of Plaintiff conducted on June 6, 2013. R. 417-20. During this evaluation, Plaintiff reported he could shower and dress daily with no assistance, watch TV, listen to the radio, read, go to doctors' appointments and to the store, and socialize with friends. R. 418. Although Plaintiff had some bilateral wheezing, he retained normal gait and could walk on his heels and toes without difficulty. R. 418-19. Furthermore, he could perform a full squat and rise from his chair without difficulty. R. 419. Plaintiff retained a full range of motion, no swelling, normal stance, normal strength of 5/5 in his arms and legs, no sensory deficit, no muscle atrophy, and normal grip strength of 5/5 bilaterally. (Id.)

The ALJ accorded Dr. Fkiaras' opinions "significant weight" because they were consistent with his examination, the treatment notes in the record, and diagnostic testing. R. 44. Thus, the ALJ's decision to afford Dr. Fkiaras' opinions significant weight is supported by substantial evidence.

The only treating physician to offer an opinion inconsistent with Dr. Fkiaras' evaluation was Dr. Marc Orgel. In a medical report dated August 1, 2012, Dr. Orgel opined Plaintiff suffered from chronic sinusitis and chronic asthma and was unable to work for at least twelve

months. R. 422-24. The ALJ found this opinion inconsistent with Dr. Orgel's own treatment notes, contradicted by his April 2013 advice to Plaintiff to continue his daily walking exercises, and in direct contrast to Dr. Fkiaras' consultative examination. R. 43. The ALJ further found Dr. Orgel's opinion not worthy of full weight because he had a limited and sporadic treating relationship with Plaintiff. (Id.) Thus, the ALJ's decision to afford Dr. Orgel's opinion little weight was supported by substantial evidence. See Lewis, 125 F.3d at 1440; Phillips, 357 F.3d at 1241; see also Jarett, 422 F. App'x at 872-74 (11th Cir. 2011) (holding ALJ properly gave more weight to non-examining state consultants' opinions over treating physician's opinion where supported by record).

### C. The AC Properly Considered and Rejected Plaintiff's New Evidence.

Plaintiff contends the AC did not consider his newly-submitted Listing Form 3.03 when denying his appeal. Pl.'s Br. 3. However, contrary to Plaintiff's assertion, the AC explicitly considered the form, but found it did not provide a basis for changing the ALJ's decision. R. 2, 4. Therefore, Plaintiff's argument is contrary to fact and meritless.

## IV. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** the Commissioner's final decision be **AFFIRMED**, this civil action be **CLOSED**, and a final judgment be **ENTERED** in favor of the Commissioner.

SO REPORTED and RECOMMENDED this 18th day of January, 2018, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA